

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **VS.** | § | **CASE NO. 1:07-CR-123(6)** |
| | § | |
| **TYEITA YVETTE LOVE** | § | |


<u>**FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA**</u>
<u>**BEFORE THE UNITED STATES MAGISTRATE JUDGE**</u>

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrates have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On June 24, 2008, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the Defendant, Tyeita Yvette Love, on **Count One** of the charging **Amended Information** filed in this cause [Clerk's doc. #233].   Count One of the Amended Information charges that from on or about January 2005 to on or about August 2006,

1

in the Southern District of Texas, Tyeita Yvette Love, Defendant herein, conspired to commit money laundering in violation of Title 18, United States Code, Section 1956(h).  The charged offense is set forth more specifically in the *Amended Information* and in the *Amended Elements of the Offense*, also on file.

Defendant, Tyeita Yvette Love, entered a plea of guilty to Count One of the Amended Information[1] into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a.      That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b.      That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c.      That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea.  Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises.  *See* FED. R. CRIM. P. 11(b)(2).

---

[1] The Defendant executed a waiver of Indictment which was addressed on the record at the hearing.

2

d.      That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that her conduct falls within the definition of the crime charged under 18 U.S.C. § 1956(h).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented the following evidence, which was admitted into the record at the plea hearing.  *See Factual Basis and Stipulation*.  If the case proceeded to trial, the Government and Defendant agreed and stipulated to the information set forth in the factual basis which would be used by the Government in support of the Defendant's plea of guilty.  The Government and Defendant agreed that the Government would have proven that Defendant is one and the same with the person charged in the Amended Information and that the events described in the Amended Information occurred on the dates and in the places alleged in the Southern District of Texas.  The Government and Defendant agreed that the Defendant waived venue in her plea agreement to resolve the allegations in the Amended Information here in the Eastern District of Texas.  The Government would have proven, through the testimony of witnesses and through admissible exhibits, beyond a reasonable doubt, each and every essential element of the offense alleged; specifically, the Government would have proven certain stipulated facts set forth in the *Factual Basis,* on file in the record of this cause.  The *Factual Basis* states those facts as follows:

That on or about December 2003 to on or about August 2006, Tyieta Yvette Love (defendant) combined, conspired and agreed with Thomas Bernard Miller and others known and

3

unknown to conceal or disguise the nature, location, the source, the ownership or the control of the proceeds of a specified unlawful activity namely, distribution of cocaine HCL.

That clandestine bulk money shipments were made, or were attempted to be made in the course of the conspiracy via: physical transportation in motor vehicles containing hidden compartments; United Parcel Service or Federal Express mail service using fictitious names and/or account numbers in order to conceal or disguise the nature, location, the source, the ownership or the control of the proceeds of a specified unlawful activity.

The Government would show that in the course of said conspiracy, the defendant transported or attempted to transport bulk money shipments of United States currency in an amount of $200,001.00.  On  August 16, 2006, the defendant was interdicted by law enforcement officers in St. Louis, Missouri in the process of transporting $109,000.00 in United States funds that had been secreted in a hidden compartment behind the dash panel of a 2000 Lincoln automobile.  Said Lincoln was one of a number os Lincolns used by the Miller organization for the transportation of contraband.  Said funds were the proceeds of  the sale of cocaine HCL by members of the Thomas Miller cocaine trafficking organization and the defendant was stopped en-route to deliver that bulk cash shipment to Thomas Miller in Houston, Texas.

Thomas Miller would have testified at trial that the defendant had made similar previous trips on his behalf to transport, inter alia, bulk money shipments that totaled at minimum $200,001.00 in United States currency.  At the time of defendant's receipt of said bulk money shipment(s), defendant knew that said funds were the proceeds of a specified unlawful activity, namely distribution of cocaine HCL.

The Government would finally prove that after receiving the previous bulk shipment(s) of United States funds (prior to the date of her interdiction in Missouri in August 2006), the defendant delivered said funds to Thomas Bernard Miller.

Defendant, Tyeita Yvette Love, agreed with the facts set forth by the Government and signed the Factual Basis.  Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty.  The Defendant agreed with the evidence presented by the Government and personally testified that she was entering her guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count One** of the charging **Amended Information** on file in this criminal proceeding.  The Court also recommends that the District Court conditionally accept the plea agreement.[2]  Accordingly, it is further recommended that, Defendant, Tyeita

---

[2]"(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably

Yvette Love, be finally adjudged as guilty of the charged offense under 18 U.S.C. § 1956(h).

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report.  At the plea hearing, the Court admonished the Defendant that the District Court may reject her plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature.  The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report.  *See* FED. R. CRIM. P. 11(c)(3).  If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw her guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B).  If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement.  Defendant has the right to allocute before the District Court before imposition of sentence.

## OBJECTIONS

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings,

---

toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

conclusions and  recommendations, and from  appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error.  *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).   The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation,  a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 25th day of June, 2008.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE